IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**BARBARA L. PERKINS**,

    Plaintiff,

    vs.                        No.    **CIV 02-1392 MCA/WDS**

**ANTHONY J. PRINCIPI**,
**SECRETARY OF VETERANS AFFAIRS**,

    Defendant.


## **ORDER**

This Court hereby incorporates its Findings and Conclusions set forth in its Memorandum Opinion entered of record on July 5, 2005. The Court further finds that Plaintiff was on leave without pay status from December 12, 2000, until March 26, 2001, and that this period of leave without pay was the result of Defendant's unlawful conduct.

The Court hereby assesses damages in favor of Plaintiff Barbara L. Perkins as follows:

**Compensatory Damages**

Plaintiff is awarded compensatory damages for emotional pain, suffering, mental anguish and loss of enjoyment of life in the amount of $150,000.

**Back Pay**

Plaintiff is awarded back pay and lawful interest thereon for the period of leave

without pay status from December 12, 2000, until March 26, 2001.

**Thrift Savings Plan Benefit**

Federal agencies automatically contribute to an employee's Thrift Savings Plan account in an amount equal to 1% of the employee's basic pay each pay period, 5 U.S.C. § 8432 (c)(1)(A). In addition, when an agency employee contributes to a Thrift Savings Plan account, the employing agency also makes matching contributions to the employee's account. See id. § 8432(c)(2)(A).

Plaintiff is awarded contributions into her Thrift Savings Plan account, including the automatic agency's contribution and the matching contributions, for the period of leave without pay status from December 12, 2000, until March 26, 2001.

**Lump Sum Payment of Annual Leave**
**Credit for Sick Leave**

During the time period that Plaintiff was on Leave Without Pay status, she did not accrue annual or sick leave. Had she been in pay status during that time, she would have accrued annual leave pursuant to 5 U.S.C. § 6303, and sick leave pursuant to 5 U.S.C. § 6307.

Under the provisions of 5 U.S.C. § 5551(a), employees who are separated from federal service are entitled to lump sum payments for accumulated and accrued annual leave, but there is no similar statutory provisions for lump sum payments of sick leave. However, these hours may be credited to Plaintiff because "an employee ...is entitled to a recredit of sick leave (without regard to the date of his or her separation), if he or she returns to Federal

employment on or after December 2, 1994." 5 C.F.R. § 630.502b.

Plaintiff is awarded a lump sum payment of annual leave in accordance with the method of calculation set forth above for the period of leave without pay status from December 12, 2000, until March 26, 2001.

Plaintiff shall receive a recredit of sick leave in accordance with the method of calculation set forth above for the period of leave without pay status from December 12, 2000, until March 26, 2001.

**IT IS THEREFORE ORDERED** that Defendant forthwith make the necessary dollar calculations relating to the awards of back pay and interest thereon, annual leave, and the Thrift Savings Plan and submit same to the Court by no later than May 19, 2006.

**IT IS FURTHER ORDERED** that the Defendant make the necessary calculation of the amount of sick leave to be credited to Plaintiff and submit same to the Court by no later than May 19, 2006.

**IT IS FURTHER ORDERED** that upon the Court's receipt of the Thrift Savings Plan, back pay, and annual leave calculations, the Court will enter judgment in this matter.

**IT IS FURTHER ORDERED** that, as the prevailing party, Plaintiff may be entitled to reasonable attorney fees and expenses in connection with this lawsuit. Counsel for Plaintiff may file a motion for fees within 14 days of this Order. The VA shall file a response within 7 days thereafter. Counsel for Ms. Perkins shall file a reply 3 days thereafter.

**SO ORDERED** this 5th day of May, 2006, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE**