IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARBARA L. PERKINS,

    Plaintiff,

v.                    No. CIV 02-1392 MCA/WDS

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS,

    Defendants.

**AMENDED MOTION FOR ORDER REQUIRING DEFENDANT
R. JAMES NICHOLSON, SECRETARY OF VETERANS AFFAIRS,
AND HIS COUNSEL, MARK S. PESTAL, ASSISTANT UNITED STATES ATTORNEY
TO COMPLY WITH THIS COURT'S JUDGMENT OF JUNE 28, 2006,
<u>FOR ATTORNEY FEES AND SANCTIONS</u>**

    Plaintiff Barbara L. Perkins, pursuant to this Court's inherent authority and Federal Rules of Civil Procedure, Rules 69, 70 and 71, moves the Court for an Order requiring Defendant R. James Nicholson and his counsel to comply with the Judgment entered herein on June 28, 2006, wherein this Court ordered Defendant to make contributions to Ms. Perkins' Thrift Savings Plan and give her sick leave credit which had been improperly lost as a result of the Defendant's illegal conduct.

    As grounds for this Motion, Ms. Perkins states:

    1.    In January of 2007, after having initially taken an appeal from this Court's Judgment, Defendant decided not to pursue his appeal and moved to dismiss.

    2.    In response to Plaintiff's objection to the attempted dismissal, which left Ms. Perkins unreimbursed for fees and costs she had incurred due to the appeal, Defendant agreed to reimburse Ms. Perkins for $500.00 of the costs and fees she had incurred.

3. Defendant's appeal was thereafter dismissed and a mandate issued by the Court of Appeals.

4. Thereafter Defendant requested personal information which he said he needed in order to comply with this Court's Judgment. Ms. Perkins provided that information. See Exhibits A and B attached hereto.

5. After some delay, due to confusion respecting whether an additional mandate would issue [See Exhibits C and D], on June 11, 2007, Defendant advised that he had submitted a request for payment to the Department of Treasury.

6. On June 12, 2007 Ms. Perkins' counsel reminded Defendant's counsel that the total amount to be paid of $364,817.82 included the $1,118.78 which this Court had ordered be made as a Thrift Savings Plan ("TSP") contribution and that the latter amount and the post-judgment interest which has accrued on it, should go directly into the Ms. Perkins' TSP account, rather than to her bank, when funds were electronically transferred. Counsel also reminded defense counsel that this Court had ordered that thirty-two (32) hours of sick leave be credited to Ms. Perkins and asked defense counsel to confirm that that had been accomplished. [See Exhibit E]

7. Defense counsel responded that he would check on the TSP, would correct the payment amount to reflect the $500.00 in appellate fees and requested that Ms. Perkins provide the name of the Human Resources person at the Social Security Administration ("SSA") to process the sick leave credit. [See Exhibits F and G hereto]

8. On June 16, defense counsel represented to Ms. Perkins' counsel that the Department of Veterans' Affairs could not put money into the TSP because Ms. Perkins was no longer a Department of Veterans' Affairs employee. He suggested that Ms. Perkins should

check with the TSP herself as to how this could be done and opined that, because it was a relatively small amount, "it might not be worth the hassle." [See Exhibit H hereto]

9. Ms. Perkins provided the name of the employee at the National Business Center of the Department of the Interior,[1] who would be able to assist both with making the transfer to the TSP and crediting the sick leave hours. [See Exhibit I hereto]

10. In August, Plaintiff's counsel corrected Defendant's apparent misunderstanding that all payments had been made and asked that Defendant determine why they had not been made and when Plaintiff could expect Defendant to comply with its responsibilities under this Court's Judgment. [See Exhibit J, E-Mail of August 27]

11. Defendant's response was that payment would be made around September 3, 2007. [See Exhibit K] On August 28, Plaintiff's counsel asked Defendant to confirm that this would include the sick leave credit. [See Exhibit L] No response to this inquiry was received.

12. On September 17, 2007, Plaintiff was able to confirm that Treasury had made a transfer into her account of two checks totaling $388,748.00, which did not include the $500.00 for appeal related attorney fees. She advised defense counsel that, as of September 1, the thirty-two (32) hours of sick leave had not been credited and requested that defense counsel advise when that credit would be made. Plaintiff also requested a detailed accounting of the amounts transferred, including a breakdown of principal and interest and the designated elements of the award and advised that this information was needed as soon as possible, so that, if the transfer included the amount that was supposed to go directly into the TSP, that could be corrected. [See Exhibit M]

---

[1] Department of the Interior is the agency and branch of the government that administers changes in leave and thrift savings designations for employees of the SSA.

13. The money transferred did, in fact, contain the $1,118.78 plus interest that this Court had ordered Defendant to contribute to the TSP. The transfer of the funds this Court designated as contributions to the TSP to Ms. Perkins' bank account is in violation of this Court's Judgment of June 28, 2006.

14. It is Plaintiff's understanding that the employer – the United States, Department of Veterans Affairs – or its representative, must deposit the TSP contribution and that the individual, Ms. Perkins, lacks the ability to do so. Defense counsel was reminded of this on September 25, 2007 and asked for a status update on those matters. [Exhibit N] Defense counsel, Mr. Pestal, responded that he was "checking" on it. [Exhibit N]

15. When no further response had been received as of October 10, 2007, Plaintiff's counsel wrote again, asking how Defendant intended to fix the mistaken transfer of the TSP funds and advising that Ms. Perkins would be forced to file this motion if the parties could not get this matter taken care of expeditiously. [See Exhibit O]

16. On October 11, Defendant was again reminded that it had not reinstated Plaintiff's thirty-two (32) hours of sick leave. [See Exhibit P]

17. Defense counsel initially replied that he would try to get these matters closed out, however, on November 13, 2007 he stated that:

> I inquired of VA as to whether the award of TSP amounts could be placed into Ms. Perkins' account and was informed that is not possible. Ms. Perkins may want to consult tax counsel about placing those amounts in some other retirement account. I apologize for taking so long to get an answer.

[See Exhibit Q]

18. On November 6, 2007, Mr. Pestal was advised that this response was unacceptable. [See Exhibit R] He responded by e-mail stating that, at the time the Order was entered, he did not know there would be a problem with a TSP contribution and that:

> As you know TSP is not run by the VA but is a separate entity. The Court does not have jurisdiction over TSP, and I don't see how the Court can order the VA to do something a third party is unwilling to do. I don't know what else to say. As I recall it was a small amount of money that is at issue. Please let me know what else you think I should do. Unless Perkins is maxing out her current contribution, she is eligible to put catchup contributions in at fifty-five, which may solve the problem.

[Exhibit R]

19. Defendant was reminded on November 13 that Plaintiff would file a motion to enforce if he failed to fulfill its obligations under this Court's order.

## POINTS AND AUTHORITIES

This Court has inherent authority to enforce compliance with its orders through civil contempt. <u>Shillitani v. U.S.</u>, 384 U.S. 364, 370 (1966). Additionally, Rule 69 of the Federal Rules of Civil Procedure, states that process to enforce a judgment for the payment of money shall be by writ of execution unless the Court directs otherwise, and Rule 70 addresses some of the situations in which a writ of execution will not serve. Rule 70 states:

> If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents <u>or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party</u>, by some other person appointed by the court and the act when so done has like effect as if done by the party. . . . <u>The court may also in proper cases adjudge the party in contempt</u>.

(Emphasis added)

Rule 71 further provides that when obedience to an order may be lawfully enforced against a person who is not a party, that party is liable to the same process for enforcing obedience to the court order as if a party.

In the instant case the Secretary of Veterans Affairs, in his official capacity, was a party to this action. This Court has jurisdiction over the Secretary of and the Department of Veterans Affairs, and authority to proceed against them under Rule 70. It can also enforce its orders

against non-parties pursuant to Rule 71. <u>Westlake North Prop. Owners Ass'n v. City of Thousand Oaks</u>, 915 F.2d 1301, 1304 (9th Cir. 1990) (Rule 70 applies to parties who fail to perform specific acts pursuant to a judgment; Rule 71 "was intended to assure that process be made available to enforce court orders … against persons who are properly affected by them, even if they are not parties…".). In addition, this Court has the power and authority to enter an order that requires counsel for the Defendant, who is an Assistant United States Attorney and an officer of the court, to use his authority to carry out the Court's orders. Moreover, Ms. Perkins provided Defendant with the name and contact information of the individual employed by the United States government, DOI, who could, in fact, facilitate the transfer to TSP and sick leave credit that this Court ordered. See Exhibit I. There is simply no excuse for Defendant's violation of this Court's Judgment, or its apparent failure to follow up on information which would have allowed it to comply with this Court's Judgment or his failure to seek additional orders from this Court, if such were necessary to obtain cooperation from the SSA or the TSP.

With respect to the credit for sick leave, (which inures to Ms. Perkins' benefit regardless of which branch of the federal government she is employed with at the time the credit is made), no excuse has ever been provided for Defendant's failure to comply with this aspect of the Court's order.

F.R.Civ.Pro. Rule 70 specifically allows this Court to order the Defendant to undertake the effort to comply with the Court's order and judgment at its own cost and within a time specified. <u>Westlake</u>, 915 F.2d at 1304. Therefore, Ms. Perkins requests that this Court enter such an order, so that this matter can finally be concluded. Rule 71 allows this Court to make process available to enforce its orders against parties properly affected by them in this case including the U.S. Attorney's Office, TSP and the SSA. Therefore, if the Defendant actually

requires such additional process to issue so that this Court's Judgment respecting the TSP and sick leave can be carried out, Ms. Perkins requests that the Court order Defendant to prepare whatever documents may be required for such process to issue and further order Defendant to follow through with execution of any additional process and otherwise fulfill its obligation to comply with the terms of this Court's Judgment.

Additionally, Ms. Perkins requests that this Court award her the attorney fees she has incurred because she has been forced to make repeated efforts to compel compliance with this Court's Judgment, including doing her own research to determine the appropriate contact person at SSA and, after providing that information to defense counsel, having to repeatedly remind Defendant of his obligations and repeatedly request that Defendant follow up on the information provided. Ms. Perkins also requests that she be awarded her fees incurred in the preparation and execution of this Motion.

An award of attorney fees is warranted under these circumstances. McMahan & Co. v. Po Folks, Inc., 206 F.3d 627, 634 (6th Cir. 2000) (recognizing that an award of attorney fees is appropriate under Rule 70 for civil contempt in situations where court orders have been violated). In McMahan, the judgment creditor was forced to expend time and a significant amount of money to recover monies clearly owed and the undertaking was made arduous solely through the conduct of the judgment debtor and the garnishee. The Court held that recovery of attorney fees was warranted; accord, Asahi Glass Co., Ltd. v. Toledo Engineering Co., Inc., 411 F.Supp.2d 750, 753-54 (N.D. Ohio 2005) (party is entitled to attorney fees expended in an effort to determine if defendant was complying with an injunction and to enforce the straightforward and unambiguous terms of the injunction).

Finally, Ms. Perkins requests that this Court order Defendant and defense counsel to provide verification of all of the efforts that have actually been made to comply with this Court's Judgment and, if those efforts were not reasonable, sufficient and clearly made in good faith, to impose sanctions against the Defendant for his failure to have made appropriate efforts to comply with this Court's Judgment.

Respectfully submitted,

MILLER STRATVERT P.A.

By_____
   ALICE TOMLINSON LORENZ
   Attorney for Plaintiff
   P.O. Box 25687
   Albuquerque, New Mexico 87125
   (505) 842-1950
   (505) 243-4408 Fax

I hereby certify that a true and correct copy of the foregoing was forwarded by the United States District Court electronic mail to the following counsel of record this 30th day of November, 2007:

**Attorneys for Defendants:**
Mark S. Pestal
Special Attorney
District of New Mexico
Assistant United States Attorney
District of Colorado
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
(303) 454-0100

_____
Alice Tomlinson Lorenz

P:\11000-11999\11669\37345\Pleadings\USDC\Motion Amended^Comply with Order.doc